## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHEN MANUFACUTURING COMPANY :
INCORPORATED ,                 :
                    Plaintiff,  :
                                :          Civil Action No. : _____
v.                              :
                                :
SYSCO CORPORATION               :
                                :
and                             :
                                :
WIPER CENTRAL USA INC.,         :
DBA CTC FOOD SERVICE            :
TEXTILES & SUPPLIES             :
                    Defendants.  :
_____:

## COMPLAINT FOR DAMAGES AND INJUNCTION FOR TRADEMARK INFRINGEMENT, TRADEMARK COUNTERFEITING,  AND COMMON LAW UNFAIR COMPETITION

Plaintiff, Shen Manufacturing Company Incorporated, (hereinafter referred to as "Shen" or "Plaintiff"), by and through its undersigned counsel, for this complaint against Defendants, Sysco Corporation (hereinafter "Sysco" or "Defendant") and Wiper Central USA Inc. (hereinafter "Wiper" or "Defendant") dba CTC Foodservice Textiles & Supplies (hereinafter "CTC") and/or Central Textile Company (hereinafter "CTC"), alleges on knowledge of its own acts and otherwise on information and belief, formed after a reasonable inquiry, as follows:

### THE PARTIES

1.     Plaintiff, Shen, is a corporation organized under the laws of the Commonwealth of Pennsylvania and is located at 40 Portland Road, West Conshohocken, Pennsylvania.

2.      Plaintiff is informed and believes, and on that basis alleges that Defendant Sysco is a Delaware corporation, having an address at 1390 Enclave Parkway, Houston, Texas 77077.

3.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Wiper is a California corporation, having an address at 4355 Fruitland Avenue, Vernon, California 90058, and having a mailing address at P.O. Box 58663, Vernon, California 90058.

4.      Plaintiff is informed and believes, and on that basis alleges, that CTC is a division of Wiper, and that CTC has an address at 4355 Fruitland Avenue, Los Angeles, California 90058.

5.      Plaintiff is informed and believes, and on that basis alleges, that Sysco and Wiper (hereinafter, collectively, "Defendants") are qualified to do business in and are doing business in the Commonwealth of Pennsylvania and in this judicial district.

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Sysco has a warehouse distribution center in this district located at 600 Packer Avenue, Philadelphia, Pennsylvania 19148 from which Defendant Sysco distributes a full line of food products and a wide variety of non-food products, including oven mitts falsely marked with Plaintiff Shen's registered trademark PYROTEX, to independent and chain restaurant customers located in this district and to other locations such as healthcare and educational facilities using Defendant Sysco's trucks.

7.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Wiper's CTC division's product (e.g., oven mitts) falsely marked with the trademark PYROTEX are sold in Pennsylvania, including in this district, and that Defendant Wiper' CTC division sells its products, including oven mitts falsely advertised on the CTC website under Plaintiff's registered trademark PYROTEX, to its customers located in Pennsylvania, including in this district.

## JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367, and 15 U.S.C. § 1121.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

10.     This Court has personal jurisdiction over Plaintiff and Defendants.

## NATURE OF THE CASE

11.     Plaintiff Shen seeks injunctive relief and monetary relief against Defendant Sysco and Defendant Wiper for: infringement of a federally registered trademark under § 32 of the Lanham Act (15 U.S.C. § 1114), trademark counterfeiting under § 32 of the Lanham Act (15 U.S.C. § 1114), federal unfair competition and false designation of origin under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and common law trademark infringement and unfair competition in violation of common law.

## FACTS

### Plaintiff Shen and its Trademark PYROTEX

12.     Plaintiff Shen is a leading business in designing, producing, manufacturing, and distributing household and foodservice textile products, including kitchen textile products, and at all times relevant to the matters alleged in this Complaint, was, engaged in the business of designing, producing, manufacturing, and distributing household and foodservice textile products, including kitchen textile products.

13.     Plaintiff Shen is the successor in interest to the John Ritzenthaler Company, which began operations in the United States over 100 years ago.

14.     Among Shen's products that it markets and sells are textile products, such as appliance covers, anti-microbial cloths, aprons, bath towels, scrubbing cloths, baker's pads, baker's mitts, baker's gloves, baker's towels, bar mop towels, cheese cloth, cook's towels, chef hats, chef jackets, chef skillet handles, cleaning cloths, dishcloths, dish towels, dust cloths, flour sac towels, hand towels, glass towels, ironing board covers, laundry bags, kitchen towels, napkins, oven mitts, placemats, polishing cloths, pot holders, scouring cloths, tablecloths, wash bags, washcloths, and window cloths.

15.     Shen's products, including its potholders and oven mitts, are highly successful products which are sold in a variety of retail establishments throughout the United States.  The channels of trade for Shen's products also include the food and beverage service industries throughout the United States.

16.     Plaintiff Shen owns the trademark PYROTEX for oven mitts and potholders. Plaintiff Shen's trademark PYROTEX has been in continuous use in commerce since at least as early as November 28, 1977, in connection with oven mitts and potholders. The trademark PYROTEX was first used in commerce by a predecessor-in-interest of Plaintiff Shen at least as early as November 28, 1977, and the trademark PYRTOTEX for oven mitts and potholders was assigned to Shen together with the goodwill associated with the trademark PYROTEX.

17.     Since acquiring the trademark rights in the mark PYROTEX, Plaintiff Shen has used and continues to use the mark PYROTEX in commerce in connection with oven mitts and potholders.

18.     Through the long standing and continuous use in commerce of the trademark PYROTEX by Plaintiff Shen and Shen's predecessors in interest, Plaintiff Shen's trademark PYROTEX has become well recognized in the Commonwealth of Pennsylvania and throughout the United States.

19.     Plaintiff Shen's trademark PYROTEX has been used in commerce continuously in connection with oven mitts and potholders, since at least as early as November 28, 1977, to advertise, promote, and sell potholders and oven mitts of Shen's predecessors in interest and then of Shen after the trademark PYROTEX and the goodwill associated therewith was assigned to Shen, and to identify the source of those goods and distinguish them from those of others.

20.     Plaintiff Shen's trademark PYROTEX is commercially strong.

21.     In addition to its common law rights, Plaintiff Shen owns federal U.S. Registration No. 7,346,810 for the trademark PYROTEX (hereinafter "Plaintiff's Federally Registered Mark") in connection with oven mitts and potholders. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit A.

22.     Plaintiff Shen's U.S. Trademark Registration No. 7,346,810 was issued on April 2, 2024, and is valid and subsisting.

23.     Plaintiff Shen's trademark was registered as inherently distinctive without the need to claim secondary meaning.

24.    The trademark PYROTEX is conceptional strong and entitled to a broad scope of coverage.

25.    Plaintiff Shen's trademark has been continuously used, promoted, and advertised in commerce in connection with oven mitts and potholders for almost fifty years.

26.    Plaintiff Shen's trademark PYROTEX is an extremely valuable asset of Plaintiff Shen, is associated exclusively with Plaintiff Shen, and represents Plaintiff Shen's reputation as a top-quality producer of oven mitts and potholders.

### Defendant Sysco's and Defendant Wiper's Infringing Activities

27.    Prior to 2011, a predecessor-in-interest to Plaintiff Shen with respect to the trademark PYROTEX begins selling textile goods to Defendant Sysco, and such goods include oven mitts which are sold to Sysco under Plaintiff Shen's predecessor-in-interest's trademark PYROTEX.

28.    Prior to 2011, predecessors-in-interest to Plaintiff Shen with respect to the trademark PYROTEX sell textile goods to Defendant Sysco, and such goods include oven mitts which are sold to Sysco under Plaintiff Shen's predecessors-in-interest's trademark PYROTEX.

29.    Somewhere prior to 2011, a predecessor-in-interest to Shen with respect to the trademark PYROTEX begins selling goods to U.S. Foods under Plaintiff Shen's predecessor-in-interest's trademark PYROTEX.

30.    Around August 2011, Plaintiff Shen acquires the commercial foodservice division from a predecessor in interest with respect to the trademark PYROTEX, as well as various trademarks including the trademark PYROTEX and the goodwill associated therewith.

31.    Since acquiring the trademark PYROTEX, Plaintiff Shen has sold various textile products to Defendant Sysco, including oven mitts under Plaintiff Shen's trademark PYROTEX. In addition to Sysco, Shen has sold, and currently sells, its PYROTEX oven mitts to various foodservice customers, including, but not limited to, U.S. Foods, Gordan Food Service, Ben E. Keith, Bunzl, Dot Foods, Reinhart Foodservice, Trimark, Shamrock Foodservice, and Wasserstrom Co.

32.     Around December 2021, Shen is asked to submit a Request for Proposal (RFP) relating to supplying Sysco with aprons and temperature protection goods (e.g., oven mitts, potholders, and the like).

33.     After more than ten (10) years of supplying temperature protection products (e.g., oven mitts, potholders, and the like) to Sysco and receiving multiple Sysco Supplier Awards, Shen is informed by Sysco around March 2022 that Shen will be replaced by another supplier for temperature protection goods (e.g., oven mitts, potholders, and the like), but will retain Sysco's apron business.

34.     Around July 2022, Sysco stops buying temperature protection items (e.g., oven mitts, potholders, and the like) from Shen.

35.     Around Fall 2022, Wiper's CTC division begins shipping oven mitts that are falsely branded with Shen's trademark PYROTEX to Sysco.  Not only did Wiper's CTC division copy Shen's trademark PYROTEX, Wiper's CTC division also copied Shen's PYROTEX oven mitts' design and appearance, so that the end-user customers would think they are receiving the same oven mitts that they had always been receiving.

36.     Around Fall 2022, Defendant Sysco, acting willfully with knowledge that its actions are illegal, begins selling oven mitts that are falsely branded with Shen's trademark PYROTEX, and continues to do so to this day.

37.     Photographs of oven mitts sold and shipped to Sysco by CTC and sold by Sysco are shown in attached Exhibit B.

38.     CTC advertises for sale oven mitts under Plaintiff Shen's Federally Registered Mark (PYROTEX) on its website www.centraltextileco.com . However, when an oven mitt so advertised for sale by CTC is purchased by a purchaser, other than Sysco, the oven mitt that is delivered to the purchaser is not branded with the PYROTEX trademark. Rather, CTC is using Shen's Federally Registered Mark (PYROTEX) to pull off an illegal bait and switch on its customers. A screenshot is shown in attached Exhibit C showing CTC's illegal advertising.

39.     Plaintiff Shen uses Plaintiff's Federally Registered Mark in connection with three different types of oven mitts. Each of the three different types of oven mitts is different from the

other two types of oven mitts based on function and use. Upon information and belief, Sysco is selling and offering for sale each of the three different types of oven mitts, with all of such oven mitts sold by Sysco and offered for sale by Sysco being falsely branded with Plaintiff's Federally Registered Mark.

40.     Plaintiff Shen uses Plaintiff's Federally Registered Mark in connection with three different types of oven mitts. Each of the three different types of oven mitts is different from the other two types of oven mitts based on function and use. Upon information and belief, Wiper's CTC division is selling each of the three different types of oven mitts to Sysco, with all of such oven mitts sold by Wiper's CTC division to Sysco being falsely branded with Plaintiff's Federally Registered Mark. Further, upon information and belief, Wiper's CTC division is offering for sale each of the three different types of oven mitts under Plaintiff's Federally Registered Mark.

41.     Defendants are not affiliated with, are not a licensee of, and are not an authorized distributor of Plaintiff Shen with respect to Plaintiff Shen's PYROTEX oven mitts.

42.     Defendants are not a purchaser or reseller of Plaintiff Shen's genuine PYROTEX oven mitts. Defendants have no other authorization, express or implied, to use Plaintiff Shen's trademark PYROTEX.

43.     Defendants continue to make unauthorized use of Plaintiff Shen's trademark PYROTEX in violation of Plaintiff Shen's prior and superior rights in Plaintiff Shen's trademark PYROTEX.

## FIRST CLAIM FOR RELIEF FOR TRADEMARK INFRINGEMENT AND COUNTERFEITING UNDER THE LANHAM ACT (15 U.S.C. § 1114)

44.     Plaintiff repeats and re-alleges each and every allegation set forth above, and incorporates them herein by reference.

45.     Plaintiff owns the following federal trademark registrations for oven mitts and potholders: U.S. Trademark Registration No. 7,346,810 for PYROTEX, a copy of which is included as attached Exhibit A.

46.     Defendants' unauthorized advertising, distribution, and sale of oven mitts bearing Plaintiff's Federally Registered Mark is likely to cause confusion, mistake, or deception as to the source or sponsorship of this product.

47.     Defendants' unauthorized advertising, distribution, and sale of oven mitts bearing Plaintiff's Federally Registered Mark is willful, intended to reap the benefits of the goodwill symbolized by Plaintiff's Federally Registered Mark, and constitutes trademark counterfeiting an/or trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

48.     Defendants have acted willfully with the knowledge that their activities are intended to cause confusion, to cause mistake, or to deceive, and are intended by circumstances of malice or of a wanton and reckless disregard for Plaintiff's rights, entitling Plaintiff to an award of treble damages and reasonable attorney fees.

49.     Defendants' unauthorized use of Plaintiff's Federally Registered Mark has caused, and unless enjoined will continue to cause substantial and irrevocable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including substantial and irrevocable injury to the goodwill and reputation associated with Plaintiff's Federally Registered Mark.

50.     Accordingly, Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116, damages, including Defendants' profits, damages suffered by Plaintiff, the costs of this action, and reasonable attorney fees under 15 U.S.C. §§ 1114 and 1117(a), and destruction of all infringing articles under 15 U.S.C. § 1118.  In consequence of the circumstances of this case, in which Defendants have deliberately attempted to capitalize on Plaintiff's Federally Registered Mark , Plaintiff is entitled to treble damages, pursuant to 15 U.S.C. § 1117(a).  Further, Plaintiff also is entitled to statutory damages, if Plaintiff elects, as the Court considers just, up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, arising out of Defendants' acts of willful counterfeiting.

## SECOND CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))

51.     Plaintiff repeats and re-alleges each and every allegation set forth above, and incorporates them herein by reference.

52.    Defendants' acts constitute unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a), that is likely to cause confusion, or is likely to cause mistake, or to deceive as to an affiliation, connection, and/or association between Defendants and Plaintiff.

53.    Defendants' activities have been willful and with knowledge that their activities are likely to confuse, or to cause mistake, or to deceive the public.

54.    Upon information and belief, Defendants, by their unlawful activity, have made profits to which they are not entitled to in law or in equity.

55.    Plaintiff has sustained irreparable harm to its business reputation and goodwill. Unless the Defendants are enjoined and restrained by this Court, Defendants will continue in the activities alleged herein, and, as a result thereof, Plaintiff will continue to sustain irreparable harm to its business, reputation, and goodwill.

56.    Plaintiff has no adequate remedy at law.

57.    Defendants' acts have been willful and/or with a wanton and reckless disregard of Plaintiff's rights.

58.    Defendants' unauthorized use of Plaintiff's mark PYROTEX, unless enjoined will cause substantial and irreparable injury to Plaintiff for which it has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation associated with Plaintiff' mark PYROTEX.  Plaintiff is entitled to an award of damages and injunctive relief.

## THIRD CLAIM FOR RELIEF FOR COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE COMMON LAW

59.    Plaintiff repeats and re-alleges each and every allegation set forth above, and incorporates them herein by reference.

60.    Defendants' unauthorized advertising, distribution, and sale of potholders under the mark PYROTEX constitutes common law trademark infringement and unfair competition in violation of common law.

61.     Plaintiff's PYROTEX is used in Pennsylvania and elsewhere extensively, and is entitled to protection under common law.

62.     Defendants are making unauthorized use of Plaintiff's mark PYROTEX, with full knowledge that the mark is associated with Plaintiff's oven mitts.  Defendants' acts of common law trademark infringement and unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's mark PYROTEX.

63.     Defendants unauthorized use of Plaintiff's mark PYROTEX is likely to cause confusion and deceive customers as to the origin, sponsorship, or approval of Defendants' product by creating a false and misleading impression that Defendants' product is manufactured by, authorized by, or otherwise associated with Plaintiff.

64.     Defendants' unauthorized use of Plaintiff's mark PYROTEX, unless enjoined will cause substantial and irreparable injury to Plaintiff for which it has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation associated with Plaintiff' mark PYROTEX.  Plaintiff is entitled to an award of damages and injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

A.     Permanently enjoining Defendants, their officers, agents, licensees, assignees, successors, servants, employees, attorneys, and all other persons in active concert or participation with them from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

> (1) Using and further infringing Plaintiff's trademark PTROTEX or any mark or any designation that is confusingly similar to Plaintiff's trademark PYROTEX for oven mitts or any other goods related thereto;

> (2) Advertising, displaying, or promoting in any manner oven mitts or any related product using Plaintiff's trademark PYROTEX or any designation that is confusingly similar thereto;

      (3) Holding out or suggesting in any manner whatsoever that Defendants or their products are in any way sponsored by, associated with, or affiliated with Plaintiff or Plaintiff's goods; and

      (4) Engaging in any other activity constituting unfair competition with Plaintiff or constituting infringement of Plaintiff's trademark PYROTEX;

    B.      Ordering, pursuant to 15 U.S.C. § 1116(a), Defendants promptly to file with the Court and serve upon Plaintiff a report, in writing and under oath, setting forth in detail the manner in which Defendants have complied with any injunction issue by the Court;

    C.      Ordering, pursuant to 15 U.S.C. § 1118, that Defendants deliver to Plaintiff, at Defendants' costs, all labels, signs, prints, packages, wrappers, receptacles, tags, and advertisements in the possession of Defendants, its agents, servants, employees, and all other persons in active concert or participation with any of them bearing the trademark PYROTEX or any other confusingly similar designation;

    D.      Ordering Defendants promptly to eliminate all advertising under the trademark PYROTEX or any other confusingly similar designation from all media including, but not limited to, websites, newspapers, flyers, coupons, promotions, signs, printed and online or electronic telephone books, printed and online or electronic telephone directory assistance listings and mass mailings, all at Defendants' costs, including closing, deleting, or revising all social media accounts bearing or displaying the trademark PYROTEX;

    E.      Ordering Defendants to pay statutory damages to Plaintiff, if Plaintiff elects, pursuant to 15 U.S.C. § 1117(c), of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, arising out of Defendants' acts of willful counterfeiting, as well as attorney fees and costs;

    F.      Ordering Defendants to make a detailed accounting to Plaintiff with respect to all transactions relating to its unlawful acts and omissions complained of herein, including: (1) gross revenues resulting from such actions and (2) its total profits generated, including a detailed explanation of any alleged deductions to be made in the calculation of profits;

    G.      Ordering Defendants to pay over to Plaintiff all gains, profits, and advantages realized by Defendants from its unlawful acts and omissions complained of herein, pursuant to 15 U.S.C. § 1117;

H.     Declaring this case an exceptional case under 15 U.S.C. § 1117(a);

I.     Ordering Defendants to pay to Plaintiff the costs of this action, reasonable attorney fees, and all damages suffered by Plaintiff in an amount to be determined at trial, plus interest as allowed by law, and that such damages be trebled pursuant to 15 U.S.C. § 1117, and/or that punitive damages be awarded pursuant to state law; and

J.     Ordering Plaintiff be awarded all damages available under Pennsylvania law; and

K.     Ordering Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: _June 21, 2024_                          Respectfully submitted,

                                                 _s/John F. A. Earley III_____
                                                 John F. A. Earley III
                                                 PA Attorney No. 38839
                                                 Harding, Earley, Follmer & Frailey, P.C.
                                                 86 The Commons at Valley Forge East
                                                 1288 Valley Forge Road, P.O. Box 750
                                                 Valley Forge, PA 19482-0750
                                                 jackearley@hardingearley.com
                                                 Telephone (610) 935-2300
                                                 Facsimile: (610) 935-0600
                                                 Attorney for Plaintiff